IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82960-2-I |
| Respondent, | |
| v. | |
| ALPERT, WAYNE HYMAN,<br>DOB: 07/03/1957, | UNPUBLISHED OPINION |
| Appellant. | |

BOWMAN, J. — In Wayne Alpert's first appeal, we reversed his second degree murder conviction and remanded for retrial, subject to the suppression of evidence obtained in violation of Alpert's right to counsel under CrR 3.1. State v. Alpert, No. 79147-8-I (Wash. Ct. App. Dec. 21, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/791478.pdf. We concluded that "Alpert unequivocally invoked his right to counsel," that a violation of his CrR 3.1 right to counsel occurred, and that the trial court improperly admitted evidence tainted by that violation, specifically including statements Alpert made at the hospital. Alpert, No. 79147-8-I, slip op. at 13-16. Nevertheless, the trial court on remand held a second suppression hearing, considered additional evidence about whether a CrR 3.1 violation occurred, and determined that Alpert's statements at the scene of the crime, in a patrol vehicle, at the Marysville Municipal Jail, and at the hospital were admissible on retrial. Because the trial court's procedure and decision failed to adhere to the scope of our remand, we granted discretionary

Citations and pin cites are based on the Westlaw online version of the cited material.

review of the trial court's interlocutory ruling. State v. Alpert, No. 82960-2-I (Wash. Ct. App. Apr. 25, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/829602.pdf.

The State now concedes that the trial court's ruling on remand failed to comply with our mandate. We accept the concession. Alpert's tainted statements made after he invoked his right to counsel on June 11, 2017 must be suppressed.[1] In accordance with our previous ruling, we again remand for retrial on the charge of murder in the second degree while armed with a firearm.[2]

Brennan, J

WE CONCUR:

Díaz, J.

Smith, A.C.J.

---

[1] Our prior ruling did not address or affect the admissibility of statements Alpert made after he was confined at the Snohomish County Jail and represented by counsel.

[2] Nothing in our prior decisions prohibits the trial court from conducting an evidentiary hearing that complies with our mandate if necessary to "identify" the statements tainted by the violation of CrR 3.1. See Alpert, No. 79147-8-I, slip. op. at 16.